

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAH, SR.,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>WARDEN, FCI VICTORVILLE, MED. 1,<br><br>　　　　Respondent. | Case No. 5:23-cv-01748-CAS-PD<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

## I.　INTRODUCTION

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus (dkt. 1), the Report and Recommendation of United States Magistrate Judge Patricia Donahue (dkt. 13, the "Report"), and the Objections to the Magistrate Judge's Report and Recommendation (dkt. 14, the "Objections" or "Obj."). Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a *de novo* review of those portions of the Report to which objections have been stated. Having completed its review, the Court accepts the findings and recommendations set forth in the Report.

## II. BACKGROUND

Petitioner David Jah, Sr. ("petitioner") is serving an eighteen-year sentence for conspiracy to commit arson imposed in 2021 by the United States District Court for the Northern District of California in United States v. David Jah, 3:19-cr-00026-WHA-1. Report at 2. He is currently housed in FCI Victorville in Victorville, California. Id. at 2. According to public records, petitioner's projected release date is April 20, 2034. Id. at 5.

On August 25, 2023, petitioner, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging violations of the Fifth, Eighth, and Fourteenth Amendments, as well as an affidavit in support of the petition. Dkt. 1 at 4; Dkt. 2. In the petition, petitioner brings claims for relief pursuant to the Eighth Amendment, alleging deliberate indifference to his serious medical needs, and the Fifth and Fourteenth Amendments, alleging violations of his equal protection and due process rights. Dkt. 1 at 3-4, 6-7. Petitioner seeks injunctive relief and requests that the Court order the Bureau of Prisons Director to: (1) temporarily release him to a re-entry center, halfway house, or home confinement; (2) allow for his conditional release to include safe drinking water and medical care as needed; and (3) assure that all of his legal work is kept with him to prevent misplacement. Id. at 8.

On September 22, 2023, petitioner filed a Rule 60(b) Motion for Relief from a Final Judgment, alleging a claim of actual innocence in relation to his conviction and sentence in his criminal case. Dkt. 6. On October 13, 2023, the Honorable Magistrate Judge Patricia Donahue issued an Order to Show Cause Why the Petition Should Not be Dismissed ("OSC"), identifying that the petition appeared to request relief that is not cognizable on federal habeas review. Dkt. 7. On November 3, 2023, petitioner filed a response to the OSC. Dkt. 10. On December 26, 2023, petitioner filed a request for leave to amend the petition. Dkt. 11.

On January 30, 2024, Magistrate Judge Donahue issued the instant Report, recommending that the Court dismiss the petition without prejudice under Rule 4 of the Rules Governing Section 2254 Cases, which also govern 28 U.S.C. § 2241 petitions. Report at 1. In the Report, Magistrate Judge Donahue found that: (1) petitioner's claims are not cognizable on habeas review; (2) petitioner's Rule 60(b) motion is not properly before this Court, as it must be filed in his sentencing court, i.e., the Northern District of California; and (3) petitioner should not be granted leave to amend his petition to allege claims of actual innocence and sentencing error, because these claims are unrelated to the conditions of confinement raised in the petition. Id. at 5-9. Additionally, Magistrate Judge Donahue declined to construe the petition as a civil rights complaint, as petitioner did not pay the appropriate fee and dismissal might count as a "strike" under 28 U.S.C. § 1915(g). Id. at 9. On February 14, 2024, petitioner filed his Objections. Obj. at 1-2.

As the facts alleged in the petition are comprehensively set forth in the Report, the Court does not repeat them unless relevant to the Court's decision. Report at 2-4.

### III. LEGAL STANDARD

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations

to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise."). Where no objection has been made, arguments challenging a finding are deemed waived. See 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." Chith v. Haynes, No. C18-5342 BHS, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

## IV. DISCUSSION

The Court agrees with Magistrate Judge Donahue that petitioner's § 2241 petition asserts claims that are not cognizable on habeas review, but must instead be brought in a separate civil rights action. Report at 5-9. The Court addresses each Objection filed by Petitioner in turn.

First, petitioner objects generally to the ruling that his relief is not cognizable on habeas review. Obj at 1. The Court agrees with Magistrate Judge Donahue's finding that 28 U.S.C. § 2241 petitions are limited to challenging the legality or duration of a prisoner's confinement, not the conditions of their confinement. Report at 5; see Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979); Nettles v. Grounds, 830 F.3d 922, 927, 934 (9th Cir. 2016); Pinson v. Carvajal, 69 F.4th 1059, 1070 (9th Cir. 2023). Petitioner argues in his Objections that physical confinement is within the core of habeas corpus. Obj. at 2. However, as the Report notes, habeas petitions are not the correct method to challenge conditions of confinement unrelated to legality or duration. Report at 6; see, e.g., Nelson v. Campbell, 541 U.S. 637, 643 (2004). Here, petitioner's claims center on access to

bottled water, filtered water, and adequate medical care, as well as retaliation threats and unlawfully opened legal mail.  Report at 6.  In agreement with Magistrate Judge Donahue, this Court concludes that "if success on a habeas petitioner's claim would not necessarily lead to his immediate or earlier release from confinement, that claim does not fall within 'the core of habeas corpus' and thus, must be pursued, if at all, in a civil rights action."  Id.; see Nettles, 830 F.3d at 935; see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

      Next, petitioner argues that "[e]mergency [r]elease" can be granted in his case, and therefore, that success on his claims would "necessarily lead to his immediate or earlier release from confinement."  Obj. at 2.  In his Objections, petitioner cites to Terry v. Shartle, where the petitioner's § 2241 petition alleged that he was actually innocent.  Id.; see Terry v. Shartle, No. CV 15-00107-TUC-CKJ, 2017 WL 5151130, at *1 (D. Ariz. Nov. 7, 2017).  Here, even though petitioner requests temporary release, his claims are distinguishable from those in Terry, because petitioner's claims are *only* related to his conditions of confinement.  This Court maintains that a § 2241 petition is not the appropriate avenue for petitioner's claims, despite the fact that he seeks release from confinement, because his claims are not within the core of habeas.  Report at 7; see Shook v. Apker, 472 F. App'x 702, 702-03 (9th Cir. 2012); see, e.g., Allah v. Warden, No. CV 17-05201-AG-RAO, 2017 U.S. Dist. LEXIS 145293, at *4-5 (C.D. Cal. Aug. 31, 2017); Bolden v. Ponce, No. 2:20-CV-03870-JFW-MAA, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020).

      Third, petitioner objects to Magistrate Judge Donahue's refusal to review his challenge to the execution of his sentence through 28 U.S.C. § 2241, citing to United States v. Giddings in his Objections.  Obj. at 2; see United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984).  In Giddings, the defendant claimed that he was entitled "to credit against his sentence for time spent in custody prior to

5

his sentencing" under Federal Rule of Criminal Procedure 35(a) ("Rule 35(a)"). Giddings, 740 F.2d at 771. The Ninth Circuit held that relief was not available under Rule 35(a) or under 28 U.S.C. § 2255. Id. Instead, it concluded that "[r]eview of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241," filed in the custodial court. Id. at 772. Here, petitioner's claims are distinguishable from those in Giddings because they are unrelated to sentencing or sentencing credits. The Court therefore agrees with Magistrate Judge Donahue's finding that petitioner's sentencing challenges are unrelated to the claims in his petition, and that petitioner's Rule 60(b) motion to challenge alleged sentencing errors must be filed in his sentencing court.

Finally, in his Objections, petitioner requests an evidentiary hearing to "articulate why in fact… relief may and should be granted." Obj. at 1. However, because his purported § 2241 claims are not cognizable on habeas review, the Court declines this request. See Anderson v. United States, 898 F.2d 751, 753 (9th Cir. 1990) ("[B]ecause the record conclusively shows that petitioner is not entitled to habeas corpus under 28 U.S.C. § 2241, no evidentiary hearing was required.").

The Court is not required to examine Magistrate Judge Donahue's other findings, as any challenges not mentioned in the Objections are deemed waived. See 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Court finds that under Nettles, Magistrate Judge Donahue acted within her discretion to decline to construe a mislabeled habeas petition as a civil rights action. See Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) ("[A] district court *may* construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner.") (emphasis added).

///

///

///

## V. CONCLUSION

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. Accordingly, IT IS ORDERED that petitioner's Petition for a Writ of Habeas Corpus is DENIED.

Dated: July 17, 2025

*Christina A. Snyder*
———————————————
HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE